NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HEFFERNAN, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| CITY OF PATERSON, MAYOR JOSE TORRES, POLICE CHIEF JAMES WITTING, and POLICE DIRECTOR MICHAEL WALKER, | Civ. No. 06-3882 (DMC) (JAD) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants' motion for summary judgment pursuant Rule 56 of the Federal Rules of Civil Procedure and Plaintiff's motion in limine for this Court to find as a matter of law that Plaintiff engaged in protected speech. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' motion is **granted** and Plaintiff's motion is **denied as moot**.

## I. BACKGROUND[1]

In 2006, Lawrence Spagnola ("Spagnola"), a close friend of Plaintiff's family, was running for Mayor of the City of Paterson, New Jersey against incumbent Defendant Mayor Jose Torres ("Mayor Torres"). Compl. ¶¶ 14, 15. At the time, Plaintiff was a Detective assigned to work in the

---

[1] The facts in the Background section have been taken from the parties' submissions.

office of Defendant Police Chief James Witting ("Chief Witting"), one of Mayor Torres' political allies. Compl. ¶ 13.

Plaintiff took no position on the candidates and was ineligible to vote in the election as he was not a resident of the City of Paterson. Compl. ¶ 16. Id. Though he was not supporting Spagnola for mayor, his mother was. Afanador Certif. Ex. B, at 132:23-133:11.

On April 13, 2006, Plaintiff's mother, a Paterson resident, told Plaintiff that she wished to have a larger Spagnola campaign sign for her front lawn and asked Plaintiff to help her obtain one. Compl. ¶ 19. Accordingly later that day, Plaintiff—while off-duty—planned to meet Councilman Alson Goew, who was distributing Spagnola signs. Afanador Certif. Ex. B, at 60:13-21. While the two men were stopped chatting on a street corner, they were spotted by Officer Arsinio Sanchez, a colleague and friend of Mayor Torres. Afanador Certif. Ex. B, at 62:8-24. Plaintiff believes that Officer Sanchez tipped off either Mayor Torres or Chief Witting that Plaintiff was campaigning for Spagnola and that this tip resulted in Plaintiff's demotion to the Traffic Walking Squad on April 17, 2006. Id; Compl. ¶¶ 21-26. Plaintiff maintains, however, that he was not campaigning for Spagnola on April 13 and that once he received the sign from Councilman Goew, he dropped it off at his mother's home, not even going so far as to post the sign in her yard. Afanador Certif. Ex. B, at 62:22-25.

## II. STANDARD OF REVIEW

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 319 Fed. Appx. 155, 157 (3d Cir. 2009). However, "[t]he judgment

sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Generally, "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim" at any time "until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b), (c). "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). If "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to

demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

## III. DISCUSSION

Public employees may sue to enforce their First Amendment rights against retaliation by an employer if "(1) they spoke on a matter of public concern; (2) their interest in that field outweighs the government's concern with the effective and efficient fulfillment of its responsibilities to the public; (3) the speech caused the retaliation; (4) the adverse employment decision would not have occurred but for the speech." Fogarty v. Boles, 121 F.3d 886, 888 (3d Cir. 1997). "'A public employee's speech involves a matter of public concern if it can 'be fairly considered as relating to any matter of political, social or other concern to the community.'" Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001) (quoting Green v. Phila. Hous. Auth., 105 F.3d 882, 885-86 (3d Cir. 1997)).

An essential factor for an actionable claim is that the plaintiff must have engaged in constitutionally protected speech—"in the absence of speech, there has been no constitutional violation cognizable under section 1983 based on an asserted 'bad motive' on the part of defendant." Fogarty, 121 F.3d at 890; Lombardi v. Morris Cnty. Sheriff's Dep't, No. 04-5418 (DRD), 2007 WL 1521184, at *6 (D.N.J. May 22, 2007) ("The law is clear that 'the absence of speech—in fact, its explicit disclaimer by plaintiff—is fatal to the plaintiff's claim.'" (quoting Fogarty, 121 F.3d at 891)). Where there has been no protected speech, "a public employee may be discharged even if the action

-4-

is unfair, or the reasons 'are alleged to be mistaken or unreasonable.'" Id. at 889 (citing Connick v. Myers, 461 U.S. 138, 146 (1983)); see also Waters v. Churchill, 511 U.S. 661, 679 (1994) ("We have never held that it is a violation of the Constitution for a government employer to discharge an employee based on substantively incorrect information.").

Defendants assert that summary judgment should be granted because "Plaintiff has admitted repeatedly in pleadings, depositions, and admissions that he did not hang signs or engage in any political activity during the 2006 Re-Election Campaign." Defs.' S.J. Br. 10. The Court agrees. Plaintiff's Complaint provides that he was assisting his mother in acquiring a larger campaign sign. Compl. ¶¶ 14, 17, 19. At no point does Plaintiff allege that he was hanging signs in support of Spagnola's candidacy or that he was supporting Spagnola for mayor. In fact, in a sworn deposition, Plaintiff testified that: (1) "[He] wasn't working on the campaign, period"; (2) "[He] got [his] sign, and [he] went to [his] mother's house, dropped it off . . . [and] didn't even put it up"; and (3) "[he] wasn't going to post [the sign] . . . [and] didn't have tools" to put it up. Afanador Certif. Ex. B, at 61:6-7; 62: 22-25; 133:12-17. Six months after this testimony, Plaintiff disclosed during a psychological examination that "he picked up a Spagnola lawn sign only because his mother asked him to do so" and that "he took no position on the election."

Plaintiff does not refute these facts and has never claimed that he was doing anything other than transporting a sign for someone else. Therefore, the Court finds that summary judgment is appropriate because there is no genuine issue as to a material fact. In total, the statements above establish that Plaintiff never engaged in any political speech, or any speech at all. Therefore, Plaintiff has failed to state a cognizable claim under § 1983.

## IV. <u>CONCLUSION</u>

For the reasons stated, Defendants' motion seeking summary judgment is **granted** and

Plaintiff's <u>in limine</u> motion is **denied as moot**.

Dennis M. Cavanaugh, U.S.D.J.

Date:      May 23, 2011
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File

-6-